NO. 07-03-0457-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 24, 2004



______________________________




CLAYTON EDWARD DAVIS, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;



NO. 89638; HONORABLE LAYNE WALKER, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON ABATEMENT AND REMAND


 Appellant Clayton Edward Davis, Jr., is appealing his judgment of conviction for
murder and sentence of life imprisonment and a fine. The trial court clerk's record was
filed on November 24, 2003. The court reporter's record originally was due to be filed on
January 12, 2004.

 Following four requests for extensions of time to file the reporter's record, each
giving the 3500-page length of the record and the press of the duties of court reporter as
reasons for the extension, this Court on May 14, 2004, issued an order directing Jami
Anderson, official court reporter for the 252nd District Court of Jefferson County, to
transcribe and file a reporter's record for this appeal, trial court number 89638. We
ordered Ms. Anderson to file the record so that it would be actually received by the Clerk
of this Court on or before 5:00 p.m. on June 14, 2004, and stated that no further requests
for extension of time would be considered. A copy of the order was sent to the Honorable
Layne Walker, Judge of the 252nd District Court of Jefferson County.

 In response to the Court's order, we have received, on June 17, 2004, nothing more
than a further request for extension of time, filed by Ms. Anderson in the same form as her
previous requests, citing as reasons "time spent in court and having to meet other
deadlines on other records." The request states that "work has begun," but requests "a
minimum of 60 days" to complete and file the record. The request gives the appearance
that Ms. Anderson holds a contemptuous attitude toward this Court's orders, and provides
no indication when, if ever, we can expect her to file the reporter's record in this appeal. 

 The trial court and appellate court are jointly responsible for ensuring that an
appellate record is timely filed. Tex. R. App. P. 35.3(c). A trial court must help ensure the
court reporter's work is timely accomplished by setting work priorities. When the official
court reporter is unable to perform the reporter's duties because of the press of official
work or other reasons, the trial court may designate a deputy reporter. Tex. R. App. P.
13.3, 13.5. An appellate court may enter any order necessary to ensure the timely filing
of the appellate record, and must enter appropriate orders to avoid undue delay in criminal
appeals. See Tex. R. App. P. 35.3(c), 37.3(a)(2). Accordingly, we now deny Ms.
Anderson's request for further extension, abate the appeal and remand the cause to the
252nd District Court of Jefferson County for further proceedings.

 On remand, the trial court shall immediately cause notice of a hearing to be given
to appellant and the State, and thereafter conduct a hearing to determine the following:


 The causes of Jami Anderson's disregard of this Court's May 14,
2004 order directing her to complete and file the reporter's record by
June 14, 2004;
 Whether it will be necessary for the trial court to appoint a deputy
reporter for the reporter's record in this appeal to be completed and
filed within 30 days of the date of the hearing.


 The trial court shall cause the hearing to be transcribed. The trial court also shall
enter any and all orders necessary to assure the timely completion of the reporter's record
in this appeal. So too shall it prepare and file its findings and orders and cause them to be
included in a supplemental clerk's record. In addition, the trial court shall cause the
transcription of the hearing to be included in a supplemental reporter's record. Both the
supplemental clerk's record and supplemental reporter's record shall be submitted to the
Clerk of this Court by July 23, 2004.

 It is so ordered.

 Per Curiam

Do not publish.